■ Jeffrey J. Dahlman, Appellant, v Jean I. Lowen, Respondent. [673 NYS2d 924] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated June 23, 1997, as, upon reargument, adhered to its original determinations in (a) an order dated March 24, 1997, granting the defendant's motion for summary judgment dismissing the complaint, and (b) a judgment entered May 29, 1997, which dismissed the complaint.

Ordered that the order dated June 23, 1997, is reversed insofar as appealed from, on the law, with costs, the judgment entered May 29, 1997, and the order dated March 24, 1997, are vacated, the defendant's motion is denied, and the complaint is reinstated.

Once the defendant submitted evidence demonstrating that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), the burden shifted to the plaintiff to produce evidentiary proof in admissible form demonstrating the existence of a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955). The plaintiff met his burden by submitting medical evidence specifying the degree of limitation in the range of motion of his lumbosacral spine causally related to his accident.

The evidence was sufficient to raise a triable issue of fact as to whether the plaintiff sustained "a significant limitation of use of a body function or system" (*Lopez v Senatore*, 65 NY2d 1017, 1019; *see also, Steuer v DiDonna*, 233 AD2d 494). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.